MICHAEL HUNTER                                                          PETITIONER

v.                                                    CIVIL ACTION NO. 4:14-CV-P67-M

RON HERRINGTON                                                        RESPONDENT

**MEMORANDUM OPINION**

Before the Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by

Petitioner Michael Hunter, *pro se*. He is a federal prisoner housed at the Henderson County

Detention Center in Henderson, Kentucky.

The petition states that, after Petitioner was indicted in North Dakota on a charge or

charges having to do with a threatening letter, the federal prosecutors involved in Petitioner's

criminal case agreed to commit perjury to make it appear that they were injured. Petitioner

states that the North Dakota district court declined his request to represent himself, and he

expresses dissatisfaction with the federal defender appointed to represent him. Petitioner also

states that he filed a 28 U.S.C. § 2255 motion "months ago" but that the "tyrant/judge" is

knowingly delaying the motion. He asks that he be promptly released.

Petitioner states in a supplemental petition (DN 4) that he was placed into federal custody

on May 6, 2014, while he still had a § 2255 motion pending. His supplemental petition states

that he is a victim of a criminal conspiracy to submit perjured testimony to the federal court by

assistant United States attorneys in North Dakota. He asserts that his remedy "with the North

Dakota 'Star Chamber Court' is inadequate and ineffective to test the legality of his confinement

timeline," apparently because he has criticized the North Dakota district court judge, who he

alleges is now punishing him in a retaliatory manner. He raises a litany of complaints about his

guilty plea and direct appeal, including that he was not allowed to represent himself in the

district court and that the plea agreement drafted by the federal prosecutor led him to believe that

the accurate sentencing guidelines term of imprisonment was 24 months. He also argues that he

is factually innocent of the crime since the statute as applied violates his First Amendment right

to freedom of speech. He further argues that his public defender failed to get hospital records to

show that he was not competent and the district court judge failed to order an 18 U.S.C. § 4241

competency hearing. He also asserts that before he could get a "good lawyer" to challenge the

presentence report (PSR), the district court judge sentenced him to 30 months based on false

information contained in the PSR and that the North Dakota district court judge lacked

jurisdiction because the mailing of the threatening letter in question was done in Indiana.

A review of PACER reveals that Petitioner's § 2255 motion was filed on April 14, 2014,

in the district court for the district of North Dakota and is still pending. *Michael Howard Hunter

v. United States of America*, 3:13-cr-42-DLH-CSM. Briefing is not yet complete.

Although Petitioner invokes § 2241, all of his claims and argument go to the validity of

his conviction in North Dakota. A petitioner's claims are proper under 28 U.S.C. § 2241 and not

28 U.S.C. § 2255 if they concern the manner, location, or conditions of the execution of the

petitioner's sentence and not the fact of petitioner's conviction or sentence. *Tucker v. Carlson*,

925 F.2d 330, 331 (9th Cir. 1990) (stating that a challenge to the execution of a sentence is

"maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"). The

"savings clause" of § 2255 permits relief under § 2241 if § 2255 is "inadequate or ineffective to

test the legality of the detention." *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009)

(internal quotation marks and citation omitted); 28 U.S.C. § 2255(e). A federal prisoner may not

challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to

apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." § 2255(e). It is Petitioner's burden to prove that his § 2255 remedy is inadequate or ineffective to challenge the legality of his detention. *Martin v. Perez*, 319 F.3d 799, 803 (6th Cir. 2003).

The Sixth Circuit Court of Appeals has held that § 2255's savings clause "may only be applied when the petitioner makes a claim of actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). To establish actual innocence, the petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks and citation omitted).

Petitioner's § 2255 motion and amended motions filed in the North Dakota district court raise claims of, among other things, ineffective assistance of counsel for not seeking a pretrial competency hearing; that the district court should have ordered an 18 U.S.C. § 4241 evaluation; ineffective assistance of counsel because the plea agreement led him to believe the guidelines provided for a sentence of 24 months; and ineffective assistance of counsel in not meeting with him to discuss the false information in the PSR. He also alleges that the probation officer lied about him being a danger to the public because of his plan to obtain a firearm, when no such plan existed. He also claims that there was no crime and that two assistant U.S. attorneys were conspiring to commit perjury to the North Dakota district court on the issue of harm. He also raises the issue of the denial of his right to represent himself.

The only issue raised in the instant § 2241 petition which is not apparent from a perusal of the many documents filed by Petitioner in the North Dakota district court case related to his

§ 2255 motion is that, here, Petitioner argues that the North Dakota district court lacked

jurisdiction.

The Court finds the posture of this case apposite to the one faced in the district court for

the Eastern District of Kentucky in *Brandon v. Holland*, Civil Action No. 10-117-DLB, 2011

WL 87183 (E.D. Ky. Jan. 6, 2011). In that case, Brandon, a federal prisoner, brought a § 2241

petition in the Eastern District of Kentucky while his § 2255 was pending in the district court for

the Southern District of New York. His § 2241 petition raised challenges which the Eastern

District of Kentucky found could "only be characterized as collateral challenges to the veracity

of the evidence used against him at trial in New York." The Eastern District of Kentucky found

that Brandon had not met his burden of showing that his remedy under § 2255 was inadequate or

ineffective. "First and foremost," the Eastern District of Kentucky pointed to the fact that

Brandon had "a pending, ripe § 2255 motion in the trial court wherein he has raised the very

same issues he is attempting to raise in this court via § 2241. The fact that the motion and

supplement are pending does not make his remedy under § 2255 inadequate or ineffective."

*Brandon v. Holland*, 2011 WL 87183, at 2. Second, the Eastern District of Kentucky noted that

"principles of comity and judicial economy dictate his challenge be heard by" the New York trial

court because that judge was "intimately familiar with the trial testimony." *Id.* The Eastern

District of Kentucky found that Brandon's § 2241 claims did not fall within the savings clause of

§ 2255(e) and dismissed his § 2241 without prejudice for want of jurisdiction.

In the instant case, Petitioner has not shown that his § 2241 claims fall within § 2255(e)'s

savings clause. The Court finds that the best course of action is to dismiss his § 2241 without

prejudice for want of jurisdiction. *See id.* at \*3; *see also Colbert v. Ives*, Civil No. 12-99-GFVT,

2013 WL 1856080, at *4 (E.D. Ky. Apr. 30, 2013) (citing cases which have dismissed § 2241

petitions as premature where a petitioner's § 2255 motion is still pending).  Therefore, by

separate Order, the Court will dismiss the instant action.

Date:  September 12, 2014

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc:  Petitioner, *pro se*
4414.009